IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-96-FL-1
No. 4:14-CV-224-FL

**Dennis Bradley Sutton**,

      Petitioner,

v.

**United States of America**,

      Respondent.

**Memorandum & Recommendation**

   Petitioner Dennis Bradley Sutton, proceeding under 28 U.S.C. § 2255, moves to vacate the 200- and 120-month sentences of imprisonment imposed in connection with guilty pleas to one count of possession of a firearm by a convicted felon and aiding and abetting ("Count Five"), and one count of possession of a stolen firearm and aiding and abetting ("Count Six"). D.E. 142 at 1; D.E. 146 at 1. Sutton argues that he is entitled to relief because, in light of the Supreme Court's opinion in *Descamps v. United States*, 113 S. Ct. 2276 (2013), the District Court improperly classified him as a "career criminal" for purposes of sentencing under the Armed Career Criminal Act ("ACCA"). D.E. 142 at 2–5; D.E. 146 at 4. He also claims that the ACCA classification and resulting sentence violated his federal due process rights. D.E. 142 at 4; D.E. 146 at 5. The Government moves to dismiss, contending that the Fourth Circuit explicitly rejected the same argument in *United States v. Mungro*, 754 F.3d 267, 279–72 (4th Cir. 2010). D.E. 150 at 4. The Government does not address Sutton's due process claim.

   After reviewing the docket and the arguments of the parties, it appears that Sutton is not entitled to the relief he seeks because his motion is untimely and his claims otherwise fail on the

merits. Therefore, the undersigned recommends[1] that that the court deny Sutton's Motion to Vacate (D.E. 142, 146) and grant the Government's Motion to Dismiss (D.E. 149).

## I. Background

On November 9, 2010, a grand jury indicted Sutton on multiple firearm-related charges. D.E. 1. On May 9, 2011, he pled guilty to Counts Five and Six, while the remaining counts were dismissed pursuant to a written plea agreement. D.E. 57 at 1.

On April 4, 2012, the District Court sentenced Sutton to a 200-month term of imprisonment on Count Five and a 120-month term of imprisonment on Count Six. D.E. 111 at 2. Sutton appealed his sentence to the Fourth Circuit Court of Appeals. D.E. 115. On January 24, 2013, the Fourth Circuit affirmed, holding that Sutton expressly waived the right to appeal his ACCA designation in his plea agreement. D.E. 124 at 5–6. He did not seek a writ of certiorari from the Supreme Court opting, instead, to file two Motions to Vacate under 18 U.S.C. § 2255: one on December 8, 2014 (D.E. 142), and another on March 10, 2015 (D.E. 146). The Government responded with a Motion to Dismiss on April 16, 2015. D.E. 149.

## II. Analysis

### A. Legal Standard

In order to prevail on his Motion to Vacate, Sutton must show: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law . . . ."

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

with respect to Sutton's motion. 28 U.S.C. § 2255(b). Sutton must ultimately show by a preponderance of the evidence that he is entitled to relief. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) concerns whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.

After *Iqbal*, a court considering a motion under 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to an assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief'" *Id.* If a party fails to show that he is entitled to relief, the court must dismiss the deficient claims.

Relevant here, the Fourth Circuit has held that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430,

3

437 (3d Cir. 2000)) (internal quotations omitted). In weighing the facts, courts may consider documents that are part of the public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). This includes, in the context of a § 2255 motion, "the files and records of the case." 28 U.S.C. § 2255(b).

      **B.**      **Sutton's Motion to Vacate is Untimely**

A review of Sutton's Motion to Vacate indicates that it is barred by the applicable statute of limitations. Although the Government did not raise the statute of limitations as an affirmative defense, the Fourth Circuit has held that a court may consider whether a § 2255 motion is time-barred on its own motion. *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). However, prior to doing so, the court must give the petitioner an opportunity to "demonstrate that the petition was filed within the proper time period." *Hill*, 277 F.3d at 708. After giving the petitioner the opportunity to be heard on the timeliness issue, a court may dismiss a § 2255 motion so long as it is "'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." *Sosa*, 364 F.3d 507, 511 (4th Cir. 2004); *Hill*, 277 F.3d at 706 (4th Cir. 2002). After reviewing Sutton's argument on the timeliness issue, it is indisputably clear that his motion is untimely, cannot be saved by equitable tolling principles, and should be dismissed.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which period runs from the latest of four possible dates:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Fourth Circuit affirmed Sutton's conviction on January 24, 2013, and Sutton did not seek a writ of certiorari from the Supreme Court. D.E. 124 at 5–6. His conviction thus became final on April 24, 2013, 90 days after the Fourth Circuit issued its opinion. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); *see also United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Sutton had until April 24, 2014, to file a motion under § 2255, but, as he acknowledges in his initial filing, he failed to do so. D.E. 146 at 11. Because he did not file his first Motion to Vacate until December 8, 2014, the statute of limitations bars his claim for relief. D.E. 142.

Nonetheless, Sutton argues that under § 2255(f)(3), the statute of limitations on his Motion to Vacate did not begin to run until *Descamps* was decided, on June 20, 2013. D.E. 142 at 7. But even if *Descamps* would have affected the outcome of Sutton's case—and as the discussion below will show, it would not have—the Supreme Court has insisted that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotations omitted). Accordingly, *Descamps* does not apply retroactively on collateral review. *See Lester v. United States*, No. 5:07-CR-169-D, 2014 WL 4105677, at *1 (E.D.N.C. Aug. 19, 2014) (listing numerous cases throughout the various circuits treating *Descamps* as non-retroactive). Therefore, the District Court should dismiss Sutton's Motion as untimely.

5

### C. No *Descamps* Claim

Even assuming that *Descamps* does apply retroactively, it does not aid Sutton's case. The thrust of Sutton's argument is that the district court erred in sentencing him under the ACCA by relying on North Carolina General Statute § 14-54, to which he previously pled guilty, as a predicate offense. D.E. 142. Sutton's argument consists of three points. First, he claims that under *Descamps*, a statute whose elements do not *necessitate* "generic burglary" cannot constitute that offense for purposes of sentencing under the ACCA. *Id.* Second, Sutton argues that the use of generic burglary as a predicate offense under the ACCA requires a conviction for a crime involving unlawful entry. *Id.* Third, he argues that because § 14-54 criminalizes "breaking *or* entering," it does not require the requisite unlawful entry, and therefore sweeps more broadly than the sort of generic burglary relied on for his ACCA classification. Sutton is correct on these first two points but errs on the third.

In considering whether a past conviction qualifies as an ACCA predicate, the Supreme Court counsels a "categorical approach." *Descamps*, 133 S. Ct. at 2281. The categorical approach requires courts to compare the elements of the statute forming the basis of a defendant's conviction with the elements of the "generic" crime enumerated under the ACCA. *Id.* at 2281. The prior conviction will qualify as a predicate only if its elements are the *same as* or *narrower than* those of the generic offense. *Id.*

Under the ACCA, an enhancement on the basis of generic burglary requires that a defendant be convicted of a crime involving "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)) (internal quotations omitted). The defendant in *Descamps* was convicted under a California "breaking and entering" statute that was deemed to have "swept

6

more broadly" than generic burglary under the ACCA. *Id.* at 2283. As the Court explained, "[b]ecause generic unlawful entry is not an element, or an alternative element, of § 459, a conviction under that statute is never for generic burglary." *Id.* at 2293.

Sutton likens his conviction under North Carolina General Statute § 14-54 to the defendant's conviction in *Descamps*, urging that the North Carolina statute also sweeps more broadly than the definition of generic burglary. D.E. 142 at 5. But unlike in *Descamps*, unlawful or unprivileged entry *is* an element of the offense at issue in Sutton's case. Taking up this very same argument in *Mungro*, the Fourth Circuit recently explained:

> The North Carolina Supreme Court . . . has greatly narrowed the applicability of N.C. Gen. Stat. § 14-54(a). It has held that N.C. Gen. Stat. § 14-54(a) was intended merely to codify preexisting North Carolina law that criminalized breaking and entering without the consent of the owner. *State v. Boone*, 297 N.C. 652, 256 S.E.2d 683, 687 (N.C. 1979). The court therefore clarified that, notwithstanding the broad statutory language, "entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction under G.S. 14-54(a)." *Id*.
>
> This construction binds our ACCA analysis and brings the elements of § 14-54(a) within our generic definition of burglary as articulated by *Taylor* and *Descamps*. As interpreted in *Boone*, N.C. Gen. Stat. § 14-54(a) requires either breaking with intent to commit a felony or larceny therein, or entering without consent with intent to commit a felony or larceny therein. These alternatives correspond to the alternative "unlawful" and "unprivileged" entry requirements of the generic definition of burglary. 495 U.S. at 599, 110 S. Ct. 2143.

*Mungro*, 754 F.3d at 270. Read in this light, North Carolina General Statute § 14-54 qualifies as an ACCA predicate under 18 U.S.C. § 924(e)(2)(B)(ii). *Id.* at 272. Sutton's analogy to *Descamps* is therefore without merit, and his motion should be dismissed.

### D. No Due Process Claim

As stated, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation . . . ." *Dyess*, 730 F.3d at 359 (quoting *Thomas*, 221 F.3d at 437) (internal quotations omitted). Sutton contends that the district court violated his

7

federal due process rights by sentencing him under the ACCA. D.E. 142. He argues that an enhancement under the ACCA represents an "increase [in] the severity of the already accepted charge" which, presumably, he believes rises to the level of a due process deprivation. *Id.* But contrary to his claim, Sutton's plea agreement *did* include a provision allowing the Court to conduct an ACCA analysis. Under Count Five, the agreement expressly allows for additional terms of imprisonment "IF THE DEFENDANT IS SUBJECT TO SENTENCING PURSUANT TO THE ARMED CAREER CRIMINAL ACT, 18 U.S.C. § 924(E)." D.E. 57 at 4. Because Sutton offers no further legal or factual basis for his claim, it should be dismissed without further inquiry.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Sutton's Motion to Vacate (D.E. 142; D.E. 146) and grant the Government's Motion to Dismiss (D.E. 149).

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on Sutton. Sutton shall have until 14 days after service of the Memorandum and Recommendation on Sutton to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Sutton does not file written objections to the Memorandum and Recommendation by the foregoing deadline, Sutton will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, Sutton's failure to file written objections by the foregoing deadline will bar Sutton from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 8, 2016.

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE