IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-96-FL-1
NO. 4:14-CV-224-FL

| | |
|---|---|
| DENNIS BRADLEY SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 139, 142, 146), and the government's motion to dismiss, (DE 149), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge entered a memorandum and recommendation ("M&R") (DE 159), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court grants respondent's motion to dismiss.

## BACKGROUND

On May 9, 2011, petitioner pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2 ("count five"), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) and 2 ("count six"). On April 4, 2012, the court sentenced petitioner to 200 months imprisonment as to count five and 120 months as to count six, running concurrently. To reach this sentence, the court enhanced petitioner's sentence pursuant to the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner appealed, and the Fourth circuit affirmed in part, vacated in part, and remanded in part, as to restitution, in an opinion issued on January 24, 2013. This court entered an amended judgment correcting restitution amount on May 16, 2013. Petitioner did not appeal the amended judgment.

Petitioner filed the first paper in support of his § 2255 motion on November 12, 2014. Petitioner first claims that his ACCA enhancement was improper under Descamps v. United States, 133 S.Ct. 2276 (2013), and claims secondly that his due process rights were violated by the ACCA enhancement. The M&R recommends dismissal of the claims on the basis that they are untimely and without merit.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without

2

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Petitioner's claims are time barred and without merit as set forth in the M&R. As to timeliness, 28 U.S.C. § 2255(f) provides a 1-year limitations period from the date on the which the judgment of conviction becomes final. Amended judgment in this matter was entered on May 16, 2013, and petitioner's judgment became final on that date when "he declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Thus, petitioner's § 2255 motion filed November 12, 2014, was untimely.

Petitioner suggests that Descamps served to restart the running of the 1 year statute of limitations, on grounds that Descamps recognized a new rule of constitutional law retroactive on collateral review. Descamps, however, did not recognize such a rule of constitutional law. See Headbird v. United States, 813 F.3d 1092, 1097 (8th Cir. 2016).

In any event, petitioner's challenge to his ACCA enhancement is without merit. The Fourth Circuit previously has held, following Descamps, that prior "breaking or entering" convictions, such as the three in the instant case, qualify as ACCA predicate offenses. See United States v. Mungro,

3

754 F.3d 267, 269-70 (4th Cir. 2014).  Nor does United States v. Johnson, 135 S.Ct. 2551 (2015), alter this result, where Johnson pertains to the "residual clause" of the ACCA, whereas petitioner's ACCA enhancement was based upon the enumerated offense of "burglary." 135 S.Ct. 2555-56 (citing 18 U.S.C. § 924(e)(2)(B)).

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further.  Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein.  The government's motion to dismiss (DE 149) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence  (DE 139, 142, 146) is DENIED.  A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge